UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY NAVARRO, | Case No.: 18-cv-1725-WQH-WVG |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| GASLAMP TAVERN, LLC and BAHYAG INC., | |
| Defendants. | |

HAYES, Judge:

On July 27, 2018, Plaintiff Anthony Navarro initiated this action by filing a Complaint (ECF No. 1) (the "Complaint") and a Motion to Proceed *in Forma Pauperis* ("*IFP*") (ECF No. 2).

**I.** *IFP*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The affidavit filed by Navarro states "I am unable to pay the costs of these proceedings." (ECF No. 2 at 1). Navarro's only income is $930.00 a month in "[d]isability," and he has $905.00 of monthly expenses in the form of rent, utilities, food, clothing, and dry cleaning. *Id.* at 1, 4. Navarro has no bank accounts. *Id.* at 2. Navarro's Motion to Proceed *IFP* (ECF No. 2) is GRANTED.

## II. Initial Screening

A complaint filed by any person proceeding *IFP* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). This screening standard applies to all civil actions filed by plaintiffs proceeding *IFP*. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The standard used to evaluate whether a complaint states a claim is a liberal one. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Federal Rule of Civil Procedure 8(a)(2) provides "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Navarro brings the following causes of action against Defendants: (1) violation of the Americans with Disabilities Act, (2) violation of California Civil Code §§ 51, 54 et seq., (3) negligence per se, (4) negligence, (5) declaratory relief, and (6) injunctive relief. *Id.* at ¶¶ 16–42. Navarro alleges that he is "mobility impaired," uses a wheelchair, and is "classified as having a physical impairment." Compl. at ¶ 10. Navarro alleges that, on or about December 23, 2017, he "was denied full and equal access to Gaslamp Tavern . . . because the property was inaccessible to individuals belonging to the disabled community who use wheel chairs for mobility." *Id.* at ¶ 11. Navarro alleges that Gaslamp Tavern is "owned and/or operated by the Defendants." *Id.*

Upon review, the Court concludes that Navarro's Complaint adequately states a claim for purposes of the sua sponte screening required under 28 U.S.C. § 1915(e). Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126–27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*IFP*] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.").

## III. Conclusion

The Motion to Proceed *IFP* (ECF No. 2) is GRANTED. The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285 and forward the Form 285 and the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

Dated: August 21, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court