UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NAVARRO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GASLAMP TAVERN LLC *dba GASLAMP TAVERN*, et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-1725-WQH-WVG<br><br>**RECOMMENDATION ON JOINT MOTION TO DISMISS WITH PREJUDICE** |

On May 24, 2019, this Court convened a settlement disposition hearing pursuant to its April 30, 2019 Order (Doc. No. 26), after a dispute arose over the legitimacy of the settlement agreement at issue. Counsel for Anthony Navarro ("Plaintiff") and counsel for Gaslamp Tavern, LLC ("Defendant") appeared, but Plaintiff did not. In relevant part, the Court's Order stated, "Plaintiff and Plaintiff's counsel ARE BOTH ORDERED to appear in person." As a result of Plaintiff's violation of the Court's Order, the Court reset the settlement disposition hearing to June 18, 2019 in its May 24, 2019 Order (Doc. No. 29) and required Plaintiff's personal appearance at the hearing.

At the June 18, 2019 hearing, Plaintiff again failed to appear. During the hearing, Plaintiff's counsel informed the Court that Plaintiff was incarcerated at the time, and thus could not be personally present for the proceeding. The Court then issued its June 19, 2019

Order (Doc. No. 31), requiring Plaintiff to submit a signed declaration testifying to his personal knowledge of and assent to the proffered settlement agreement and that he personally signed the settlement agreement at issue. In doing so, the Court set a subsequent settlement hearing date for July 17, 2019.

Plaintiff did not file any declaration pursuant to the Court's Order. However, Plaintiff's counsel filed his own declaration testifying that Plaintiff remained incarcerated and was unreachable at the time (Doc. No. 32). Additionally, Plaintiff's significant other, Maria Camacho, filed a declaration of her own, testifying that she was present when Plaintiff reviewed, assented to, and signed the settlement agreement at issue (Doc. No. 33). The Parties' counsel appeared for the July 17, 2019 hearing; Plaintiff was, again, absent. In an effort to expeditiously resolve the ongoing dispute over the settlement agreement's validity, the Court ordered Plaintiff to file his declaration by August 19, 2019 (Doc. No. 34). The Court's July 18, 2019 Order also permitted Defendant to respond, if it took issue with any part of the declaration. In the event that Defendant disputed the legitimacy of Plaintiff's declaration, the Court set a provisional hearing for August 30, 2019 on the matter.

Although untimely, Plaintiff filed his declaration on August 22, 2019 (Doc. No. 35). Plaintiff testified to having reviewed the settlement agreement and that he personally signed the agreement and voluntarily assented to its terms. Thereafter, Defense counsel did not object to Plaintiff's declaration to any extent. Given the three hearings held on this matter, the declarations submitted on by Plaintiff and on Plaintiff's behalf, and Defendant's lack of objection to Plaintiff's declaration, the Court is satisfied that Plaintiff personally executed the settlement agreement at issue. Accordingly, the Court RECOMMENDS that the Parties' Joint Motion to Dismiss (Doc. No. 27) be granted. **IT IS SO ORDERED.**

Dated: August 30, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge